[Civ. No. 8919. Second Appellate District, Division One.—March 13, 1935.]

M. L. BIRDSELL, Respondent, v. UMBERTO DARDI et al., Appellants.

H. A. I. Wolch and David D. French for Appellants.

Butcher & Haines for Respondent.

ROTH, J., pro tem.—Appellants owned and operated an hotel near Santa Barbara and on December 1, 1931, they engaged the respondent by written contract for a period of one year as manager. The only provision of the contract involved in this lawsuit is: " . . . said manager shall give his attention and best endeavors to said hotel business, and to the utmost of his skill and power exert himself for the interest, profit, benefit and advantage of said business as

manager thereof." On February 2, 1932, appellants by letter advised respondent: "You are hereby discharged as manager . . . for reason as previously explained to you. Your contract is broken for cause." Respondent thereafter sued on the contract, alleging, among other things, that he had been wrongfully discharged, proved his damages and obtained judgment. The appeal is from that judgment, and from an order denying motion for new trial.

The reporter's transcript comprises more than five hundred pages of evidence, the bulk of which is devoted to testimony offered by appellants in an effort to prove two infractions of duty amounting to a breach of the contract of employment, and specifically a breach of that portion of the contract above quoted. The first was to the effect that on or about December 18, 1931, at the dinner hour respondent was intoxicated and made a spectacle of himself in the dining room of the hotel, and that later that evening he brought two strange women into the hotel. The second incident is a showing that contrary to law (the Wright Act being then in effect), respondent brought liquor into the hotel.

The record undoubtedly shows that the respondent had been drinking on December 18th, and that girls were brought into the hotel on that date, although the testimony is conflicting on the status of intoxication. The record also shows that respondent had purchased some liquor which was kept in the hotel safe.

The difficulty with appellants' position, however, is that the record shows much more. There is a plethora of evidence showing that on December 18th in question, appellant Lombardi was entertaining a convivial friend from Los Angeles and called in his manager, the respondent herein, to assist him in his capacity of host. All three had drinks and then adjourned to the dining room for dinner, after which all three went upstairs and respondent then procured the ladies in question, according to the respondent's testimony, at the request of appellant Lombardi. It is also established that the liquor in the safe was purchased jointly by appellant Lombardi and respondent, and that appellant Dardi knew it was there and made no protest. The record reveals much in addition, but we deem it unnecessary to further analyze or set forth the testimony. ■ Suffice it to

say that the evidence amply supports the findings of the trial court that respondent rendered services in accordance · with his agreement of employment, that he was wrongfully discharged, that he remained ready, able and willing to perform services in accordance with the agreement after his discharge and that he was damaged in the sum found.

The judgment is affirmed; the appeal from the order denying motion for new trial is dismissed.

Conrey, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1935.